UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHENIA MARTIN,
    Plaintiff,

vs.                                  Case No.: 3:21cv810/MCR/ZCB

BEACHSIDE BINGO INC, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Shenia Martin filed suit against several Defendants, including 5147 Dogwood Charitable Group, Inc. Irrevocable Trust (the "Trust") and W.D. Bass & Company, P.A. ("W.D. Bass"). Plaintiff brings claims under the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") for unpaid minimum wages and liquidated damages. A Clerk's default was entered against the Trust and W.D. Bass on July 18, 2022. (Doc. 38).[1] Now pending is Plaintiff's Motion for Entry of Default Judgment against the Trust and W.D. Bass. (Doc. 39). Her motion is supported by her affidavit. (Doc. 40).

---

[1] Documents 37 & 38 both refer to "5147 Dogwood Charitable Group, Inc." rather than "5147 Dogwood Charitable Group, Inc. Irrevocable Trust." These were scriveners' errors that inadvertently omitted the Trust's full name and can be corrected by the Court without notice under Federal Rule of Civil Procedure 60(a). The undersigned will recommend the Clerk of Court correct the Clerk's Entry of Default (Doc. 38) to include the party's proper name.

1

## I. Discussion

By its default, a defendant admits the well-pleaded facts in the complaint. *See, e.g.*, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). However, default is not an absolute confession of the defendant's liability and the plaintiff's right to recover. The Court must ensure the allegations in the complaint are sufficient to state a claim. *United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A default does not admit to facts that are not well-pleaded, nor does it admit conclusions of law. *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206.

Even if the facts of liability are well-pleaded and thus deemed admitted by virtue of the default, the Court must still determine the amount and character of damages to be awarded. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond . . . ."); *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). A hearing on damages is not required, and damages may be determined based on affidavits if sufficient evidence is submitted to support the request for

damages. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("The district court may forego a hearing where all essential evidence is already of record." (cleaned up)). Because Plaintiff is seeking damages that are subject to certain calculation, a hearing is not required.

To prevail on an FLSA claim, a plaintiff must prove that "(1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). A successful plaintiff is entitled to minimum wages for all hours worked, plus overtime for hours worked over forty in a workweek. 29 U.S.C. §§ 206, 207. Additionally, the FLSA provides that the employee is entitled to liquidated damages for a willful violation in an additional equal amount of unpaid wages and an award of attorney's fees and costs of the action. 29 U.S.C. § 216(b).

Having fully reviewed the record, the undersigned is satisfied that the Plaintiff has established that she is entitled to unpaid wages and liquidated damages pursuant to the FLSA. *See also Bunch v. Beachside Bingo, Inc.*, Case No. 3:21-cv-1316 (N.D. Fla. July 27, 2022) (Doc. 31) (finding a similar plaintiff employed by the same company had established that he was entitled to unpaid wages and liquidated damages). By default, the following has been admitted. Plaintiff was an employee

of Beachside Bingo, Inc. for more than five years before the filing of this lawsuit. (Doc. 19 ¶ 16). W.D. Bass and the Trust took control of Beachside Bingo in mid-to-late 2018. (Doc. 19 ¶¶ 23, 25-27). Around that same time, Plaintiff was told she would no longer be paid hourly and that the only compensation she would receive would be in the form of tips received from patrons. (Doc. 19 ¶ 22). The Trust and W.D. Bass engaged in interstate commerce with gross revenues exceeding $500,000 per year and were not exempt from the requirements of the FLSA during the time of Plaintiff's employment. (Doc. 19 ¶¶ 10, 13). Moreover, the Trust and W.D. Bass were aware of their obligations to pay minimum wage but intentionally failed to compensate Plaintiff. (Doc. 19 ¶ 34). Plaintiff worked for the Trust and W.D. Bass without pay (for tips only) from October 1, 2018 to summer 2019. (Doc. 19 ¶ 27, 31).

Plaintiff seeks damages for hours worked from October 1, 2018 through June 22, 2019. (Docs. 39 at 5; 40-1 ¶ 9). In her affidavit, Plaintiff estimated the hours she worked based on the weekly work schedules prepared by the managers of Beachside Bingo. (Doc. 40-1 ¶ 11).[2] Plaintiff also attached to her affidavit

---

[2] The FLSA requires employers keep proper records "of the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c). When, as here, the employer failed to keep track of the employee's hours, the employee may estimate hours worked. *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Allen v. Board of Educ. For Bibb County*, 495 F.3d 1306, 1315-16 (11th Cir. 2007).

spreadsheets detailing her hours worked and the compensation she was entitled to had she been properly paid an hourly wage. (Doc. 40-1 at 18-20). Plaintiff's affidavit and the attached spreadsheets establish that she is owed a total of $31,149.34. This amount consists of unpaid wages in the amount of $15,574.67, plus an equal amount of liquidated damages because the violation was willful.

## II.   Conclusion

For these reasons, the undersigned respectfully recommends:

1. The Clerk of Court correct the Clerk's Entry of Default (Doc. 38) to include the proper party – "5147 Dogwood Charitable Group, Inc. Irrevocable Trust" instead of "5147 Dogwood Charitable Group, Inc."

2. Plaintiff's Motion for Entry of Default Judgment against Defendants Dogwood Charitable Group, Inc. Irrevocable Trust and W.D. Bass & Company, P.A. (Doc. 39) be **GRANTED**.

3. The Clerk of Court be directed to enter final default judgment in favor of Plaintiff and against Defendants Dogwood Charitable Group, Inc. Irrevocable Trust and W.D. Bass & Company, P.A., jointly and severally, in the amount of $31,149.34 (representing $15,574.67 as unpaid wages and $15,574.67 as liquidated damages).

4. The case remain **STAYED** as to the remaining Defendants, and Plaintiff's status report on the bankruptcy proceedings for each Defendant remain due every 180 days according to Doc. 30.

At Pensacola, Florida, this 1st day of September 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive motions. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b).

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.